### ISRAELS et al. v. MacDONALD et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. EVIDENCE—OPINIONS—SUBJECTS OF EXPERT TESTIMONY.

Where, in an action by architects for fees for making plans for a building at a specified per cent. of the cost thereof, the actual cost could be proved, the testimony of experts as to the cost of the building, based on calculation, was inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2330.]

2. SAME—VALUE OF BUILDING—ARCHITECTS' ESTIMATE.

In an action by architects for fees for making plans for a building at a specified per cent. of its cost, a statement of one of the architects, before the plans were drawn, of the amount the building would cost, was only an estimate, and inadmissible, where the actual cost could be proved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2330.]

3. SAME—PLANS AND SPECIFICATIONS—SELF-SERVING DECLARATIONS.

In an action by architects for fees for making plans for a building at a specified per cent. of its cost, the statement as to the cost in the plans filed with the building department was inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1096.]

4. APPEAL—PRESENTATION OF QUESTIONS IN LOWER COURT—ELEMENTS OF CAUSE OF ACTION.

Where, in an action by architects for fees for making plans for a building at a specified per cent. of its cost, plaintiffs opposed a motion to nonsuit and claimed the right to go to the jury on evidence of the cost of the building, and they did not claim that the evidence established a right to recover on certain items, the question of the right to recover on such items could not be considered on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1070–1078.]

Appeal from Trial Term, Kings County.

Action by Charles H. Israels and another, doing business as Israels & Harder, against Ranald H. MacDonald and another, doing business as Ranald H. MacDonald & Co. From a judgment of nonsuit, plaintiffs appeal. Affirmed.

The action is to recover a balance for the fees of the plaintiffs as architects. The complaint alleges and the plaintiffs proved a contract that they were to make the plans and specifications of a building about to be erected by the defendants, and be paid 3 per cent. therefor on the cost of the building by the defendants. The building was completed, and the defendants paid the plaintiffs 3 per cent. on what the defendants claimed was the cost, viz., $275,-891.45, and also an additional sum for other items, but the plaintiffs claimed that the cost was more, viz., $400,000, and sued for the balance due them thereon, and for some small items of extra work, which the defendants claim to have overpaid.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Theodore T. Baylor, for appellants.

Frank W. Arnold (Frederick C. Gladden, on the brief), for respondents.

GAYNOR, J. The learned trial judge did not err in excluding the evidence of experts as to what the cost of such a building would be. The actual cost could be proved, and therefore the case was not one for the opinion, calculation or estimate of experts. No case is cited to the contrary. Nor was the statement of one of the plaintiffs before the plans and specifications were drawn, of the amount the building would or was to cost, evidence of the actual cost; it was only an estimate or opinion. The same is true of the statement as to cost in the plans and specifications filed with the building department. There being no evidence of the actual cost, the case called for a nonsuit.

But the plaintiffs now claim that at all events they were entitled to recover some small items amounting to about $233, whereas the action is for $3,298.97. The claim is very obscure, to say the least. But it suffices that it was not made below. On the contrary, in opposing the motion for a nonsuit, counsel for the defendants claimed the right to go to the jury on the evidence of the cost of the building only. If, apart from that, he claimed that the evidence established a right to recover some other item, he should have pointed it out.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.