(125 App. Div. 628.)

## LAWTON v. ROSENO et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

DAMAGES—CONTRACTS—SERVICES OF ARCHITECT—EVIDENCE.

Where a contract for architect's services provided that he should be paid 4 per cent. on the cost of the alteration, and he brought suit thereon before termination of an action by the contractor against the owner for the cost of the work, plaintiff was not entitled to recover on expert evidence of the reasonable cost of the work, but was required to show the actual cost.

Appeal from Municipal Court of New York.

Action by George Marshall Lawton against Louis Roseno and others. From a Municipal Court judgment for plaintiff, defendants appeal. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Theodore Prince (Henry S. Dottenheim, on the brief), for appellants.

Warren McConihe, for respondent.

· GAYNOR, J.  This is an action by an architect for services in preparing the plans and specifications for the alteration of a building. The agreement was that he was to be paid four per cent. of the cost of the alteration.  The contractor who did the work and furnished the material has a suit pending against the owner for the cost thereof. This plaintiff did not await the determination thereof, and had to prove such cost on the trial.  He called experts to testify from examining the finished work what its reasonable cost was.  The exception to the admission of this evidence is good.  The actual cost could and should have been proved, and not any estimated cost.  Israels v. Macdonald, 123 App. Div. 63, 107 N. Y. Supp. 826.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.  All concur.