LINDLEY M. GARRISON, as Receiver of NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent, v. CRENSHAW ENGINEERING & CONSTRUCTION COMPANY, INC., and Others, Appellants.— Orders affirmed, with ten dollars costs and disbursements, with permission to defendants to withdraw their demurrers and answer within twenty days on payment of the costs of the action to date. The complaint sufficiently alleges the performance of the conditions of the contract as pleaded, and it does not appear on the face of the complaint that the contract for which the New England Equitable Insurance Company is surety has been altered so as to release the surety. Supplemental contracts do not necessarily alter the contract for which the surety was bound. The question whether that surety company is released must be determined on the trial of the issues when properly presented. The complaint alleges the contract and the bond entered into by the contractor and the four surety companies; the default in the terms of the contract, with damages to plaintiff which exceed the penalty of the bond; and judgment is asked against the defendant contractor for the full amount of the damages, and against the different surety companies for the amount for which they are severally· bonded.· The bond was conditioned to be void if the contractor fully performed and kept all the terms, covenants and conditions of the contract. Section 1915 of the Code of Civil Procedure

provides in substance that a bond in a penal sum, conditioned to be void upon the performance of any act, has the same effect, for the purpose of maintaining an action, as if it contained a covenant to perform the act specified in the condition; but that the damages recovered shall not exceed the amount of the penalty of the bond. For the purpose of maintaining this action this bond has the same effect as if the sureties signed the contract itself, with a limitation on the amount of their liability in case of its breach. They are, therefore, severally liable on the same written instrument within the meaning of section 454 of the Code of Civil Procedure, and may be included in the same action at the option of plaintiff. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur.