■ In the Matter of THE CITY OF YONKERS, Appellant, v INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 628, AFL-CIO, Respondent.—In a proceeding to confirm an arbitration award, petitioner appeals from an order of the Supreme Court, Westchester County, entered August 24, 1976 which, *inter alia,* confirmed the award and denied its cross motion to vacate and set aside the award. Order affirmed, without costs or disbursements. In our view, the petitioner-appellant City of Yonkers completely failed to establish its arguments in support of its cross motion to vacate the award, namely that (1) the arbitrator was guilty of misconduct or partiality and (2) the arbitration award was not a final and definite resolution of the specific wage reopener dispute submitted by the parties. Accordingly, the Special Term was correct in granting the respondent's motion to confirm the award and in denying petitioner's cross motion to vacate the award. Finally, petitioner argues, for the first time on this appeal, that the "Favored Nations" clause contained in the subject collective bargaining agreement between it and the respondent firefighters, covering the period January 1, 1974 to June 30, 1975, is illegal. That clause essentially provides that the agreement may be reopened for renegotiation, at the respondent's option, if any other bargaining unit whose contract expired December 31, 1973 negotiated a new contract containing significant cost differences in average per member fringe benefit increases or significant wage increases in excess of those received under existing differential patterns. In addition, any unresolved disputes regarding the reopening are to be submitted to arbitration. Specifically, petitioner now argues that the "Favored Nations" clause is virtually identical to "parity" clauses, which have been held to be illegal (see *Matter of Voigt v Bowen,* 53 AD2d 277; *Matter of City of New York [Patrolmen's Benevolent Assn. of City of N. Y.],* 10 PERB 3003; *Matter of City of Albany [Albany Permanent Professional Firefighters Assn.],* 7 PERB 3079). We deem it appropriate to decline to rule on this issue in view of petitioner's absolute failure to raise it before the Special Term, or at any time during the prior litigation of this matter when it unsuccessfully sought to stay arbitration *(Matter of City of Yonkers v International Assn. of Firefighters, Local 628, AFL-CIO,* 47 AD2d 815, mot for lv to app den 36 NY2d 645). Indeed, petitioner requested the Special Term, as alternative relief in its cross motion to vacate the award, to stay both respondent's motion to confirm and its cross motion to vacate pending the outcome of an unfair labor practice charge which it filed with PERB against respondent based on the alleged illegality of the "Favored Nations" clause. Moreover, in its brief on this appeal, petitioner has pursued this very point by arguing that the Special Term erred in failing to defer the issue of the legality of the "Favored Nations" clause to PERB, which, it argues is the administrative

body exercising primary administrative jurisdiction. Finally, we note that on June 15, 1977 PERB ruled against the petitioner by dismissing the improper labor practice charge that it filed against respondent based on the alleged illegality of the "Favored Nations" clause (Case No. U-2079). Accordingly, our determination herein is without prejudice to petitioner's right to pursue any appropriate challenge to PERB's decision, if it be so advised. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.