■ MEL-STU CONSTRUCTION CORP., Respondent, v MELWOOD CONSTRUCTION CORPORATION et al., Appellants, et al., Defendant. (Action No. 1.) AUGUST FAUSTINI et al., on Behalf of Themselves and All Other Shareholders of MEL-STU CONSTRUCTION CORP. Similarly Situated, and in the Right of MEL-STU CONSTRUCTION CORP., Respondents, v ALBERT PANICCIA, Appellant. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for breach of contract (action No. 1), and a shareholders' derivative action, *inter alia,* to recover damages for an alleged breach of a fiduciary duty to the corporation by the conversion of corporate funds (action No. 2), (1) Melwood Construction Corporation, Aetna Casualty and Surety Company, Standard Fire Insurance Company, North American Reinsurance Corporation and American Reinsurance Company, defendants in action No. 1 appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Graci, J.), dated August 12, 1985, as, after a nonjury trial, (a) is in favor of the plaintiff and against them in the principal amount of $256,506.71, and (b) dismisses the defendant Melwood Construction Corporation's counterclaims for failure of proof, and (2) Albert Paniccia, the defendant in action No. 2, appeals, as limited by his brief, from so much of the same judgment, as, after a nonjury trial, is in favor of Mel-Stu Construction Corporation and against him in the principal amount of $16,794.24.

Ordered that the judgment is modified, on the law and the facts, by (1) reducing the principal amount awarded to the plaintiff in the third decretal paragraph thereof to the principal amount of $239,706.71, and (2) deleting from the fourth decretal paragraph thereof the words "from December 13, 1980", "in the amount of $6,852.05", and "for a total of $24,006.29"; as so modified, the judgment is affirmed insofar as

appealed from, with one bill of costs to the plaintiffs, and the matters are remitted to the Supreme Court, Queens County, for recomputation of interest and the entry of an appropriate amended judgment in accordance herewith.

In December 1979 the defendant Melwood Construction Corporation (hereinafter Melwood) contracted with the City of New York to reconstruct the roadway curbs and sidewalks on Little Neck Parkway in Queens. Albert Paniccia was the president and sole shareholder of Melwood. In March 1980, Melwood subcontracted the concrete work for the job to the plaintiff Mel-Stu Construction Corp. (hereinafter Mel-Stu). Mel-Stu had been incorporated by Paniccia, August Faustini and Frank Marcoccia for the sole purpose of performing the subcontract work. Paniccia, Faustini and Marcoccia each held a one-third interest in Mel-Stu, and were the sole officers and directors of that corporation.

Mel-Stu commenced action No. 1 to recover the balance due on the subcontract and the value of extra work allegedly performed. Melwood, the general contractor, counterclaimed to recover the value of work it was allegedly required to perform due to Mel-Stu's unsatisfactory performance. The trial court found for Mel-Stu, awarding it $256,506.71 together with interest thereon from December 13, 1980, the date its requisition for payment from Melwood was rejected. On appeal, Melwood contends, *inter alia*, that a provision in its contract with Mel-Stu requiring written authorization for extra work barred Mel-Stu's claim for extra work. Our review of the record indicates that there were facts from which it could be concluded that Melwood had orally waived compliance with that requirement *(see, Sturdy Concrete Corp. v NAB Constr. Corp.,* 65 AD2d 262, 269, *appeal dismissed* 46 NY2d 938; *Davis Accoustical Corp. v National Sur. Corp.,* 27 AD2d 624). Faustini and Marcoccia, who performed work for Mel-Stu on the construction site, testified that the various items of extra work were authorized by Melwood's project superintendent. Melwood's superintendent did not deny authorizing the work but merely testified that he did not say anything about payment.

We find that the trial court erred in not crediting Melwood for the sum of $16,800 which it deposited in Mel-Stu's account on February 17, 1981. This money was drawn upon to pay Paniccia's salary and expenses for the job performed by Mel-Stu on February 10, 1981. The trial court's failure to credit the sum of $16,800 against Melwood's indebtedness in action No. 1 coupled with the trial court's award of approximately

$16,800 against Paniccia in action No. 2 for the return of the moneys he had received from Mel-Stu resulted in double recovery. Accordingly, Mel-Stu's award in action No. 1 must be reduced by that amount.

As to the defendants' contention that the trial court erred in dismissing Melwood's counterclaim for failure of proof, our review of the record leads us to conclude that the trial court's determination was not against the weight of the credible evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498).

We have considered the defendants' remaining contentions regarding action No. 1 and find them to be lacking in merit.

In action No. 2, a shareholders' derivative action, Faustini and Marcoccia sued Paniccia derivatively on behalf of Mel-Stu seeking to recover moneys on the theory that Paniccia, as a director and officer of Mel-Stu, breached a fiduciary duty to Mel-Stu by converting Mel-Stu moneys. The record adequately supports the trial court's finding that Paniccia converted $16,794.24. However, as the conversion was accomplished through two checks dated February 10, 1981 and February 13, 1981, the trial court erred in awarding interest on the $16,794.24 from December 13, 1980. The right to interest runs from the earliest ascertainable date the cause of action existed (see, CPLR 5001 [b]; Smirlock Realty Corp. v Title Guar. Co., 63 NY2d 955). Upon remittal, the court shall determine the date upon which the actual conversion took place (i.e., the date that the funds were credited to Albert Paniccia's account), and shall direct that the interest run from that date.

We have considered the defendant's remaining arguments regarding action No. 2 and find them to be lacking in merit. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.