■ FIDELITY NEW YORK, FSB, et al., Respondents, v AETNA INSURANCE COMPANY, Appellant. [651 NYS2d 58] —In an action to recover upon a performance bond, the defendant Aetna Insurance Company appeals from (1) a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 10, 1994, which is in favor of the plaintiff Fidelity New York, FSB, and against it in the principal sum of $23,515,078.68 and in favor of the plaintiff Kensington-Johnson Corporation and against it in the principal sum of $4,845,099.36, and (2) an order of the same court, entered June 17, 1994, which granted the plaintiffs' motion to amend their ad damnum clause.

Ordered that the judgment is modified, on the law and the

facts, by deleting the decretal paragraphs thereof and substituting therefor a decretal paragraph awarding the plaintiff Fidelity New York, FSB, the principal sum of $1,700,000, with prejudgment interest from December 4, 1986; as so modified, the judgment is affirmed; and it is further,

Ordered that in light of our determination of the appeal from the judgment, the appeal from the order entered June 17, 1994, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant Aetna Insurance Company (hereinafter Aetna) issued a performance bond to the plaintiff Kensington-Johnson Corporation and a "Dual Obligee Rider" to the performance bond to the plaintiff Fidelity New York, FSB (hereinafter Fidelity) to secure the performance of the general contractor, George A. Fuller Company, on a construction contract. The project was never completed and Aetna breached its obligations under the performance bond. The Supreme Court awarded the plaintiffs damages in the aggregate sum of $28,360,178.04. We now modify.

In general, a surety's liability is limited to the amount specified in the bond plus interest from the date of the surety's default (see, General Obligations Law § 7-301; *Hunt v Bankers & Shippers Ins. Co.*, 50 NY2d 938; *Carrols Equities Corp. v Villnave*, 57 AD2d 1044; *Garrison v Crenshaw Eng'g & Constr. Co.*, 198 App Div 1020). The "liability of the surety on a performance bond customarily follows the liability of the principal on the bond" *(Matter of Fidelity & Deposit Co. v Parsons & Whitmore Contrs. Corp.*, 48 NY2d 127, 132; *see, Eckstein v Massachusetts Bonding & Ins. Co.*, 281 NY 435; *Burdick Assocs. Owners Corp. v Indemnity Ins. Co.*, 166 AD2d 402), although a "surety may * * * assume greater collateral responsibility" *(Jones v Gelles*, 167 AD2d 636, 638). Aetna did not assume such additional responsibility. Thus, its maximum liability was limited to the $16,000,000 specified in the bond plus interest. Here, the plaintiffs are entitled to an award in the principal sum of $1,700,000 the amount of damages they incurred from the underlying breach of contract by the general contractor *(see, Fuller Co. v Kensington-Johnson Corp.*, 234 AD2d 265 [decided herewith]; *Birnant v Aetna Cas. & Sur. Co.*, 28 AD2d 978; *see also, Granite Computer Leasing Corp. v Travelers Indem. Co.*, 894 F2d 547, 551). Prior to the commencement of this action Fidelity purchased all the shares of Kensington-Johnson Corporation. Thus, in modifying the judgment we have awarded damages to Fidelity only. The court's award of prejudgment interest from December 4, 1986, was not an improvident exercise of discretion *(see, CPLR 5001 [a]).

In light of our determination we need not decide whether the Supreme Court improvidently exercised its discretion by granting the plaintiffs' motion to increase the ad damnum clause. Mangano, P. J., Rosenblatt, Ritter and Pizzuto, JJ., concur.