■ GEORGE A. FULLER COMPANY, Also Known as AMERICAN INTERNATIONAL CONTRACTORS, INC., Appellant, v KENSINGTON-JOHNSON CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. DiFAZIO ELECTRIC, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [650 NYS2d 779] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff third-party plaintiff, George A. Fuller Company a/k/a American International Contractors, Inc., appeals from (1) a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 10, 1994, which, after a nonjury trial, dismissed its complaint and is in favor of the defendant Kensington-Johnson Corporation in the principal sum of $4,979,044.36 ($133,945 on its first counterclaim and $4,845,099.36 on its second counterclaim), and (2) a judgment of the same court, entered April 18, 1994, which dismissed the third-party complaint insofar as asserted against the third-party defendants Thule Construction Co., Inc., DiFazio Electric, Inc., and Allen J. Schwartzberg Plumbing & Heating, Inc.

Ordered that the judgment entered March 10, 1994, is modified, on the law and the facts, by (1) deleting the provision thereof which awarded the defendant Kensington-Johnson Corporation judgment on its first counterclaim in the principal sum of $133,945 and substituting therefor a provision dismissing the first counterclaim, and (2) deleting the provision thereof

which awarded the defendant Kensington-Johnson Corporation judgment on its second counterclaim in the principal sum of $4,845,099.36 and substituting therefor a provision awarding the defendant Kensington-Johnson Corporation the principal sum of $1,700,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment accordingly; and it is further,

Ordered that the judgment entered April 18, 1994, is affirmed, without costs or disbursements.

This appeal concerns a failed real estate development project in Great Neck to convert the former Kensington-Johnson School into luxury condominium apartments. The defendant Kensington-Johnson Corporation (hereinafter the owner) was the owner and developer of the project. The plaintiff George A. Fuller Company a/k/a American International Contractors, Inc. (hereinafter the general contractor) was the general contractor.

The trial court's finding that the general contractor had breached the construction contract and was therefore properly terminated rested on the credibility of the witnesses and evaluation of the documentary evidence. Thus, it is to be accorded great weight on appeal *(see, Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203). "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" *(Claridge Gardens v Menotti,* 160 AD2d 544, 545). In addition, the testimony and exhibits support the trial court's finding that the general contractor's failure to complete the project by the contract completion date was due to its defective work and inadequate manpower. Accordingly, these findings will not be disturbed on appeal.

However, the court's assessment of the damages was erroneous. Pursuant to the parties' contract a breach of contract by the general contractor entitled the owner to damages in the amount of the difference between the cost of completion of the contract and the contract price of $16 million. Here, the owner proffered two sums as to such damages. The first, $4,551,877.36, was based on the testimony of an expert witness. This figure was calculated using average costs in 1986 for labor and material. The second, $1,700,000, was provided by HRH Construction Corporation (hereinafter HRH), the company hired by the

owner to replace the general contractor after its default. HRH's figure was calculated after meeting with subcontractors assigned to the project and examining statements from them concerning the amounts due under their contracts, issued and pending change orders, and payments made to date. The court used the calculations proffered by the expert witness to calculate damages. However, it is well settled that the actual cost of completion, when available, is to be used over an expert's opinion *(see, Israels v MacDonald,* 123 App Div 63, 64; *Matter of City of New York [Hughes],* 236 App Div 321, 326, *affd* 260 NY 583). Thus, here, the court should have used the calculations proffered by HRH, which more accurately reflected the actual cost of completion of the contract. Accordingly, the award of damages for the general contractor's breach of contract is reduced to $1,700,000.

In addition, the owner failed to meet its burden of proving that the amounts set forth by the general contractor in its lien were intentionally and deliberately exaggerated *(see, Fidelity N. Y. v Kensington-Johnson Corp.,* 234 AD2d 263 [decided herewith]; *see also, Goodman v Del-Sa-Co Foods,* 15 NY2d 191; *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550; Lien Law § 39-a). Thus, the court erred in awarding the owner damages in the amount of $133,945 on its second counterclaim.

Because the general contractor made no showing as to what extent, if any, the delay was caused by breaches by three subcontractors, Thule Construction, Co., Inc., DiFazio Electric, Inc., and Allen J. Schwartzberg Plumbing & Heating, Inc., it abandoned such claims. Thus, the court did not err in dismissing the general contractor's third-party complaint against these subcontractors.

We have examined the general contractor's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Pizzuto, JJ., concur.