(September 6, 2007)

■ E-J ELECTRIC INSTALLATION Co., Respondent, v BROOKLYN HISTORICAL SOCIETY, Appellant. [841 NYS2d 294]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 12, 2006, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff contracted to perform the electrical work in the renovation of defendant's building on Pierrepont Street in Brooklyn for a contract price of $1,399,000. At issue is a claim submitted by plaintiff, on or about September 6, 2002, for $1,229,674 in additional costs allegedly caused by defendant's breaches of contract, delays, interference and disruptions, and its supplying inadequate contract plans and specifications, thereby preventing plaintiff from completing the work by the scheduled date.

Pursuant to section 5.03 of the standard terms and conditions of the contract, plaintiff was required to submit to the construction manager for approval each month an "Application for Payment for Work" performed and to be performed during that particular month. Each application was to include a lien waiver "for all payments for Work including that portion of Work included in the Application for Payment," entitled "Waiver of Lien to Date," which contained the following language:

"TRADE/SUBCONTRACTOR'S AFFIDAVIT

"(Name of Officer) _____ being duly sworn, deposes and says:

"I am the (office held) _____ of Trade/Subcontractor. *I make this affidavit for the purpose of inducing Construction Manager/Contractor to make partial payment to us* for work, labor and services performed and/or materials furnished, as set forth on our Application for Payment dated _____.

"All labor employed and materials furnished by us or our subcontractors or vendors in connection with our work on this Project *to the date of our Immediate Preceding Application for Payment dated _____ have been paid*, including any and all applicable sales or use taxes and applicable union fringe benefits, and *there are no liens or claims existent with respect thereto.*

"TRADE/SUBCONTRACTOR'S WAIVER OF LIEN

"The undersigned Trade/Subcontractor for One Dollar ($1.00) and other good and valuable consideration received by it, hereby *waives and releases the Owner*, Construction Manager/Contractor, and the Project *of all claims for payment for work, labor or materials furnished to _____, the date of this Application for Payment* . . . The undersigned Trade/Subcontractor further covenants and agrees that it shall not in any way claim or file a mechanic's or other lien against the Project . . . for any work, labor or materials furnished by it or to the Project. .

"This Trade/Subcontractor's Affidavit and Waiver of Lien to Date *are executed and delivered simultaneously with or after payment for the labor performed and materials furnished to the date of this Application for Payment.*" (Emphasis added.)

During the course of the renovation, plaintiff executed a total of 38 waivers between April 4, 2000 and February 9, 2004, including 10 executed after its September 6, 2002 claim for extras.

Prior to any discovery, defendant moved for leave to amend its answer to assert a defense of waiver, and for summary judgment dismissing the complaint on the ground that plaintiff waived all of its claims. The IAS court granted leave to amend, but denied summary dismissal without prejudice to renewal after additional discovery pertaining to the newly amended answer and the parties' course of dealing and intent as to the Waiver of Lien document.

Plaintiff has raised a triable issue of fact as to what payments the parties intended the waivers of lien to affect, and as to their course of conduct during the ongoing renovation while defendant was making progress payments. Since the terms of the

waiver and the contract between the parties expressly provide for partial payments upon execution of the waiver, "the waiver form is construed as merely a receipt for the monies referenced in the waiver. . . . Where a waiver form purports to acknowledge that no further payments are owed, but the parties' conduct indicates otherwise, the instrument will not be construed as a release" (*West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 252 [2001]).

Thus, defendant's conduct in subsequently paying plaintiff for work theoretically released by prior payments may reasonably be considered completely inconsistent with its theory of general release. For example, the record indicates that defendant, after making an initial payment on a certain part of plaintiff's work and receiving an executed "Waiver of Lien to Date" with respect thereto, made subsequent payments pursuant to the same "Application for Payment for Work." Concur—Tom, J.P., Mazzarelli, Andrias, Williams and McGuire, JJ.