■ CASA REDIMIX CONCRETE CORP., Respondent, v COSNER CONSTRUCTION CORP. et al., Appellants, et al., Defendants. [891 NYS2d 395]—

The award of prejudgment interest against Liberty violates the well established rule, embodied in General Obligations Law § 7-301, that the liability of a surety is limited to the "amount specified in the undertaking" plus interest "from the time of default by the surety" (*see e.g. Tri-City Elec. Co. v People*, 63 NY2d 969 [1984]; *Fidelity N.Y. v Aetna Ins. Co.*, 234 AD2d 261 [1996]; *Mendel-Mesick-Cohen-Architects v Peerless Ins. Co.*, 74 AD2d 712, 713 [1980]; *see generally Morrison Knudsen Corp. v Ground Improvement Techniques, Inc.*, 532 F3d 1063, 1072 [10th Cir 2008]). Since Liberty was not in default, its liability was capped at the face amount of the bond.

Lien Law § 19 (4) (d), which makes the provisions of CPLR article 25 applicable to a bond given for the discharge of a mechanic's lien for private improvements, was intended only to streamline procedures for posting bond and provides no authority for the imposition of greater liability upon the surety (Sponsor's Mem in Support of L 2002, ch 582 [amending Lien Law § 19 by repealing subdivision (4) and adding a new subdivision (4)], 2002 McKinney's Session Laws of NY, at 2062-2063). Nor does CPLR 2508, which permits a lienor to apply for a "new or additional undertaking," authorize the court to increase the original surety's liability beyond its contractual undertaking. To the contrary, CPLR 2508 provides that the original surety's liability continues only until the court's order directing such new or additional undertaking is complied with, and that "the original undertaking shall be otherwise without effect." Thus, the court exceeded its authority in directing Liberty Mutual to post additional security of $425,000 and in adjudging it liable, jointly and severally with Cosner, for the entire amount of the judgment, including prejudgment interest.

To the extent Liberty Mutual failed to preserve its appellate arguments by asserting them in opposition to plaintiff's motion for an additional undertaking, they are reviewable by this Court because they involve questions of pure law that appear on the face of the record and could not have been avoided if brought to plaintiff's attention at the proper juncture (*Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.