# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**608**

**CA 10-02494**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

CNP MECHANICAL, INC., PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ALLIED BUILDERS, INC., HARTFORD FIRE INSURANCE
COMPANY, HARTFORD CASUALTY COMPANY, AND
HARTFORD ACCIDENT AND INDEMNITY COMPANY,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

ERNSTROM & DRESTE, LLP, ROCHESTER (JOHN W. DRESTE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GATES & ADAMS, P.C., ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeals from a judgment of the Supreme Court, Monroe County
(Kenneth R. Fisher, J.), entered August 25, 2010 in a breach of
contract action. The judgment, upon a nonjury trial, awarded
plaintiff the principal sum of $347,682.14 plus interest and costs
against defendants.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reducing the award of damages for
those items identified as Construction Change Directive (CCD) #1 to
$4,800, CCD #2 to $86,000, CCD #3 to $43,305 and CCD #4 to $55,758,
providing that statutory interest on the reduced awards shall run from
September 7, 2007 for CCD #1, #2, and #4, and from November 16, 2007
for CCD #3, and as modified the judgment is affirmed without costs in
accordance with the following Memorandum: Plaintiff, a plumbing
subcontractor on the construction of a Wal-Mart store, commenced this
action seeking to recover the balance due on its subcontract with
defendant Allied Builders, Inc. (Allied), the general contractor, as
well as the value of extra work it allegedly performed on the project.
Following a nonjury trial, Supreme Court awarded plaintiff damages in
the principal amount of $347,682.14, with statutory interest from
February 20, 2007, the date on which the action was commenced.

We agree with defendants that, pursuant to the terms of the
subcontract, which incorporates the terms of the contract between
Allied and Wal-Mart, the liability of Allied with respect to the extra
work initiated by Wal-Mart through a Construction Change Directive
(CCD) is limited to the sum approved by Wal-Mart (*see generally Sturdy
Concrete Corp. v NAB Constr. Corp*., 65 AD2d 262, 268-269, *appeal*

*dismissed* 46 NY2d 938, 940; *Joseph Davis, Inc. v Merritt-Chapman & Scott Corp.*, 27 AD2d 114, 117-118). The evidence presented at trial establishes that, with respect to plaintiff's work, Wal-Mart approved $4,800 for CCD #1, $86,000 for CCD #2, $43,305 for CCD #3 and $55,758 for CCD #4. We therefore modify the judgment by reducing the award of damages for those items accordingly. We also agree with defendants that the court erred in directing that statutory interest on those items run from the date on which the action was commenced. The subcontract contains a valid "pay when paid clause," which required Allied to pay plaintiff for its CCD work "no later than 15 calendar days after receipt by [Allied] of corresponding payment from [Wal-Mart] for the Work" (*see generally Otis El. Co. v Hunt Constr. Group, Inc.* [appeal No. 2], 52 AD3d 1315, 1316). We therefore modify the judgment by providing that statutory interest on the sums awarded for the CCDs shall run from the dates on which the payment for each CCD was due, rather than from the date of the commencement of the action.

With respect to the remaining categories of extra work, we agree with plaintiff that Allied waived compliance with the requirement of the subcontract for a written change order authorizing such extra work (*see Care Sys. v Laramee*, 155 AD2d 770, 771; *Mel-Stu Constr. Corp. v Melwood Constr. Corp.*, 131 AD2d 823, 824). That requirement is "not applicable where, as here, the conduct of the parties demonstrates an indisputable mutual departure from the written agreement and the changes were clearly requested by [Allied] and executed by [plaintiff]" (*Austin v Barber*, 227 AD2d 826, 828; *see Barsotti's, Inc. v Consolidated Edison Co. of N.Y.*, 254 AD2d 211, 212). In addition, contrary to defendants' contentions, we conclude that plaintiff established that each of the alleged categories of extra work was outside the scope of the work contemplated by the subcontract, and that plaintiff presented sufficient evidence establishing the value of its extra work. Trial testimony provided by a witness with knowledge of the actual value of such extra work is sufficient and documentary evidence with respect thereto is not required (*see Electronic Servs. Intl. v Silvers*, 284 AD2d 367, 368, *lv dismissed* 97 NY2d 700, *lv denied* 99 NY2d 508; *Reed Paving v Glen Ave. Bldrs.*, 148 AD2d 934, 935). Here, the testimony of plaintiff's president and its expert was sufficient to establish that plaintiff was entitled to recover in quantum meruit for the categories of extra work that were not encompassed by the CCDs. That testimony established the necessary elements for recovery in quantum meruit, i.e., plaintiff's performance of the extra work in good faith, acceptance of that work by Allied, plaintiff's expectation to be compensated for it and the reasonable value of the work (*see Tesser v Allboro Equip. Co.*, 73 AD3d 1023, 1026; *Capital Heat, Inc. v Buchheit*, 46 AD3d 1419, 1420-1421).

Finally, we conclude that the court properly dismissed defendants' two counterclaims. With respect to the first counterclaim, defendants failed to present sufficient evidence establishing that plaintiff breached the subcontract or that plaintiff owes back charges to Allied for work that was not performed or that was improperly performed (*see generally Mel-Stu Constr. Corp.*, 131 AD2d at 825; *Sturdy Concrete Corp.*, 65 AD2d at 273). Defendants also failed to meet their burden of establishing, in support of their

second counterclaim, that the amounts set forth by plaintiff in its mechanic's lien were willfully exaggerated (*see Garrison v All Phase Structure Corp.*, 33 AD3d 661, 662; *George A. Fuller Co. v Kensington-Johnson Corp.*, 234 AD2d 265, 267).

Entered:  May 6, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court