# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1251**
**CA 11-00830**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

GREGORY MEE, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHELSEA L. STRADER, DEFENDANT-APPELLANT.

---

MICHAEL D. SCHMITT, ROCHESTER, FOR DEFENDANT-APPELLANT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered June 30, 2010. The order, among other things, determined that defendant failed to comply with the parties' Separation of Custody and Support Agreement.

It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.

Memorandum: Defendant appeals from an order that determined following a nonjury trial that, inter alia, she "refused" to comply with a specified provision of the parties' Separation of Custody and Support Agreement (Agreement). According to the terms of that provision, i.e., article 26 of the Agreement, every year the parties would compare tax returns and the party who would gain the largest benefit from claiming the parties' child as an exemption on his or her tax returns would be entitled to claim the child as an exemption. The Agreement further provided that the party claiming the child as an exemption would pay to the other party an amount equal to 50% of the tax benefits arising therefrom. Contrary to defendant's contention, that provision of the Agreement may be enforced because it "is lawful on its face and there is no implication that it was entered into with fraudulent design" (*Hilgendorff v Hilgendorff*, 241 AD2d 481, 482). Also contrary to defendant's contention, "[t]he [A]greement was bilateral in nature, rather than unilateral," because it contained mutual promises concerning, inter alia, custody of the child, visitation and child support payments (*Howard v BioWorks, Inc.*, 83 AD3d 1588, 1589). Defendant contends for the first time on appeal that the Agreement contemplates an illegal act, and we therefore do not address that contention (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). In addition, we conclude that "defendant[] failed to present sufficient evidence establishing that plaintiff breached the [Agreement]" (*CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d 1748, 1750). We have reviewed defendant's remaining contentions and

conclude that they are without merit.