# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**295**
**CA 12-01715**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

LEONARD E. RIEDL CONSTRUCTION, INC.,
PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MICHAEL HOMEYER AND CLARA HOMEYER,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

DIRK J. OUDEMOOL, SYRACUSE, FOR DEFENDANTS-APPELLANTS.

GORIS & O'SULLIVAN, LLC, CAZENOVIA (MARK D. GORIS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Onondaga County (Donald A. Greenwood, J.), entered November 28,
2011.  The order and judgment granted plaintiff a money judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for,
inter alia, breach of contract based upon defendants' alleged failure
to pay for work performed by plaintiff pursuant to a construction
contract.  In appeal No. 1, defendants appeal from an order and
judgment entered after a nonjury trial that awarded plaintiff damages
in the amount of $70,175.55, i.e., $54,466 in damages for the balance
owed under the contract, and $15,709.55 in interest provided for in
the contract.   In appeal No. 2, defendants appeal from an order
granting plaintiff's application for attorney's fees and costs
incurred in obtaining the order and judgment in appeal No. 1.

Contrary to defendants' contention in appeal No. 1, the court's
conclusion that plaintiff did not waive its right to payment is
supported by a fair interpretation of the evidence (*see Farace v State
of New York*, 266 AD2d 870, 870; *see generally Northern Westchester
Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499).  "It is
well settled that a general release is governed by principles of
contract law . . . and that, where a release is unambiguous, the
intent of the parties must be ascertained from the plain language of
the agreement" (*Dommer Constr. Corp. v Savarino Constr. Servs. Corp.*,
85 AD3d 1617, 1617-1618 [internal quotation marks omitted]).
"However, when the evidence in the record including, inter alia, the
circumstances surrounding the release, as well as the parties' course

of dealings, evinces that the parties' intentions were not reflected in the general terms of the release, the release does not conclusively establish a defense as a matter of law" (*Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d 902, 903-904; *see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493, 495). Thus, " '[ w]here a waiver form purports to acknowledge that no further payments are owed, but the parties' conduct indicates otherwise, the instrument will not be construed as a release' " (*E-J Elec. Installation Co. v Brooklyn Historical Socy.*, 43 AD3d 642, 644; *see generally CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d 1748, 1749).

Here, plaintiff's representative signed a document entitled "Contractor's Final Waiver and Affidavit," which provided that the construction project was "fully completed"; "all bills for labor and/or materials furnished in connection with the construction of said buildings and work of improvement have been fully paid"; and plaintiff "waives any and all lien rights which he may have or may have had on account of or arising out of the construction of said buildings and work of improvement." Nevertheless, the evidence at trial established that, at the time that document was signed, the work had not been completed and defendants had verbally agreed to make additional payments for the completion of additional work. The evidence at trial further established that defendants complied with that verbal agreement by making additional payments to plaintiff after plaintiff's representative had signed the purported waiver. The court thus properly concluded that the parties did not treat the document signed by plaintiff's representative as a final and complete waiver of any further claims by plaintiff (*see generally E-J Elec. Installation Co.*, 43 AD3d at 644). Contrary to defendants' further contentions in appeal No. 1, the evidence at trial supports the court's award of damages and the court's conclusion that plaintiff is entitled to contractual interest on that portion of the unpaid balance that was not withheld by defendants pursuant to General Business Law § 756-a (2) (a) (i) (*see generally Farace*, 266 AD2d at 870).

With respect to appeal No. 2, the parties' contract provides that "[t]he prevailing party shall be entitled to all costs, including but not limited to reasonable attorney fees, related to any proceeding" to enforce the terms of the contract. Contrary to defendants' contention, plaintiff is entitled to attorney's fees under the contract because plaintiff herein "prevail[ed] on the central claims advanced, and receive[d] substantial relief in consequence thereof" (*Sykes v RFD Third Ave. I Assoc., LLC*, 39 AD3d 279, 279).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court