Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered April 25, 2014, dismissing the complaint, unanimously affirmed, without costs. Appeal from underlying order, same court and Justice, entered February 4, 2014, which granted defendant’s motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff and defendant NYCHA entered into a contract (the Contract) under which plaintiff was to perform elevator work at a NYCHA housing development. NYCHA directed plaintiff to store its equipment and materials at certain NYCHA *450 controlled locations, which subsequently experienced multiple sewage back ups, causing damage to plaintiff’s equipment and materials. Plaintiff now seeks to recover money for work it was required to perform to clean and maintain the equipment and material that got damaged by sewage back ups.
Plaintiff contends that, notwithstanding section 24 of the Contract, under which it assumed the risk of “loss or damage to any materials or equipment” stored in any location made available by NYCHA, NYCHA is liable for damage caused by its own negligence or willful negligence. However, regardless of whether the clause effectively exculpates NYCHA, plaintiff is precluded from bringing any negligence claim because it failed to serve NYCHA with a notice of intention to commence a negligence action within 90 days after the claim arose (see Public Housing Law § 157 [2]; General Municipal Law § 50-e [1] [a]).
Plaintiffs claims are also barred by the release it signed, in which it indicated that there were no “outstanding and unsettled items . . . due and owing by NYCHA.” It did not sufficiently plead or show through additional evidentiary submissions that NYCHA engaged in a course of conduct that could constitute a waiver of the release of the cleaning costs (cf. Global Precast, Inc. v Stonewall Contr. Corp., 78 AD3d 432 [1st Dept 2010]; E-J Elec. Installation Co. v Brooklyn Historical Socy., 43 AD3d 642 [1st Dept 2007]).
In addition, plaintiff failed to provide NYCHA with timely written notice of its claims within 20 days, as required by section 23 of the Contract (see Everest Gen. Contrs. v New York City Hous. Auth., 99 AD3d 479 [1st Dept 2012]; 4-A Gen. Contr. Corp. v New York City Hous. Auth., 28 AD3d 261 [1st Dept 2006]). Its contention that certain communications and actions by NYCHA’s employees estopped NYCHA from relying on the notice provision is unavailing, as the alleged improper conduct either occurred after the notice period had passed (S.J. Fuel Co., Inc. v New York City Hous. Auth., 73 AD3d 413, 414 [1st Dept 2010]; cf. Conquest Cleaning Corp. v New York City School Constr. Auth., 279 AD2d 546 [2d Dept 2001]), or is insufficient to give rise to estoppel. In any event, the claim would be barred by the contract’s no estoppel clause (see Master Painting & Roofing Corp. v New York City Hous. Auth., 28 Misc 3d 1235[A], 2010 NY Slip Op 51601[U] [Sup Ct, New York County 2010]).
Plaintiff may not recover in quantum meruit or unjust enrichment given that the contract governs the subject matter (Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]).
*451 Plaintiff also has not sufficiently pleaded fraud as a means of avoiding the release (see CPLR 3016 [b]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486 [2008]), or set forth the elements of fraud (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Nor has it alleged a special relationship sufficient to support a claim for negligent misrepresentation (see Kimmell v Schaefer, 89 NY2d 257, 263 [1996]; Parisi v Metroflag Polo, LLC, 51 AD3d 424 [1st Dept 2008]; United Safety of Am. v Consolidated Edison Co. ofN.Y., 213 AD2d 283, 285-286 [1st Dept 1995]).
Concur — Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.