■ Wenger Construction Co., Inc., Respondent-Appellant, v City of Long Beach, Appellant-Respondent. [59 NYS3d 404]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered February 24, 2015, as denied its cross motion for summary judgment dismissing the causes of action to recover damages for extra work and delay, and the plaintiff cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the defendant's counterclaim to recover damages for delay and portions of its counterclaim for credits for work not performed.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for extra work, and substituting therefor a provision granting that branch of the defendant's cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, Wenger Construction Co., Inc., and the defendant, City of Long Beach, entered into a contract whereby the plaintiff agreed to renovate a firehouse owned by the City. The contract, among other things, required extra work to be approved in writing, and contained a liquidated damages clause assessing damages against the plaintiff at a daily rate for every day the project remained incomplete after the completion date.

Although the plaintiff was given permission to proceed with the project on October 28, 2008, and the contract required the plaintiff to complete the project within 308 days, the City was not able to occupy the firehouse until September 2010. The plaintiff commenced this action to recover damages resulting from, inter alia, the delay in completion of the project allegedly caused by the City and for extra work it alleged that the City requested and it performed, but for which the City did not execute change orders. The City counterclaimed, alleging, among other things, that the plaintiff caused the delay in completion, and that the City was entitled to credits for work not performed under the contract and work performed negligently. The plaintiff moved for summary judgment dismissing the City's counterclaim to recover damages for delay and portions of its

counterclaim for credits for work not performed, and the City cross-moved for summary judgment dismissing the causes of action to recover damages for delay and extra work. The Supreme Court, in an order entered February 24, 2015, denied the motion and cross motion. On the appeal by the City and the cross appeal by the plaintiff, we modify.

The plaintiff alleged that, despite furnishing the City with change orders for certain additional work performed at the City's request, the City failed to execute those change orders, thus damaging the plaintiff in the principal sum of $72,896.27. However, the contract provided that the City could require extra work "at any time, and without notice to the sureties," and further provided that "[a]ll extra work and material shall be ordered in writing by [the City], and in no event shall any such work or materials be paid for unless so ordered." Moreover, Joseph Febrizio, the City's Assistant Commissioner for the Department of Public Works, averred that over the course of the project, the plaintiff submitted "as many as thirty three change[ ]orders which were not requested or agreed to," and that he "was not aware of which of those change orders make up the alleged $72,896.27 in alleged damages." Based upon the foregoing, the City established its prima facie entitlement to judgment dismissing the cause of action to recover damages for extra work (*see CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d 1748, 1749 [2011]; *Naclerio Contr. Co. v Envtl. Protection Admin.*, 113 AD2d 707, 709-710 [1985]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In his affidavit, David Wenger, the plaintiff's president, averred only that the plaintiff "received fifteen other approved change orders to perform work beyond the scope of the original contract." However, Wenger's affidavit did not discuss, and the plaintiff failed to submit, any proof of the work allegedly requested by the City that the plaintiff performed for which it submitted change orders that the City failed to execute. Additionally, the plaintiff offered no proof that the parties waived the requirement that all extra work be approved in writing (*see CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d at 1749). Thus, the plaintiff failed to raise a triable issue of fact as to whether the plaintiff performed extra work that was requested by the City and for which the plaintiff was not compensated (*see Zuckerman v City of New York*, 49 NY2d at 562; *CNP Mech., Inc. v Allied Bldrs., Inc.*, 84 AD3d at 1749; *Naclerio Contr. Co. v Envtl. Protection Admin.*, 113 AD2d at 709-710). Accordingly, the Supreme Court should have granted

that branch of the City's cross motion which was for summary judgment dismissing the cause of action to recover damages for extra work.

The Supreme Court properly denied the plaintiff's motion for summary judgment dismissing the City's counterclaim to recover damages for delay and portions of its counterclaim for credits for work not performed. "[A] valid contractual provision for liquidated damages controls the rights of the parties in the event of a breach, notwithstanding that the stipulated sum may be less than the actual damages allegedly sustained by the injured party" (*X.L.O. Concrete Corp. v Brady & Co.*, 104 AD2d 181, 184 [1984], *affd* 66 NY2d 970 [1985]). Whether a liquidated damages clause is an "enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances" (*JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 379 [2005]). "The burden is on the party seeking to avoid liquidated damages . . . to show that the stated liquidated damages are, in fact, a penalty" (*id.* at 380). "Further, '[w]here the court has sustained a liquidated damages clause the measure of damages for a breach will be the sum in the clause, no more, no less. If the clause is rejected as being a penalty, the recovery is limited to actual damages proven' " (*id.*, quoting *Brecher v Laikin*, 430 F Supp 103, 106 [SD NY 1977]).

Here, the evidence submitted by the plaintiff in support of its motion failed to establish, prima facie, that the plaintiff was not liable under the contract to pay the City damages for the plaintiff's delay in completion of the project or to give the City credits for work not performed. Moreover, the plaintiff's submissions failed to eliminate triable issues as to the measure of damages. Despite the contract containing a liquidated damages clause, the City's counterclaims do not specify whether the City is seeking to enforce its liquidated damages clause, seeking to recover actual damages, or both. Moreover, after filing its counterclaims, the City provided the plaintiff with a memorandum dated February 9, 2012 (hereinafter the credit memorandum), in which it claimed that it was entitled to $1,004,310.10, which included both various credits and damages for defective work, as well as a credit for liquidated damages in the amount of $440,000. However, the damages claimed by the City in its counterclaims appear to be unrelated to the damages claimed in the credit memorandum. In fact, an additional affidavit submitted by Febrizio suggested that the City was seeking to recover both liquidated and actual damages. Therefore, the Supreme Court correctly denied summary judg-

ment dismissing the City's counterclaim to recover damages for delay allegedly caused by the plaintiff and portions of its counterclaim for credits for work performed on the ground that triable issues of fact exist.

Additionally, the Supreme Court properly denied that branch of the City's cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for delay allegedly caused by the City, as the City failed to eliminate triable issues of fact as to whether the City or the plaintiff caused the delays that slowed completion of the project (*see Zuckerman v City of New York*, 49 NY2d at 562).

The City's remaining contention is without merit. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.