■ CARIBBEAN CONSTRUCTION SERVICES & ASSOCIATES, INC., Appellant-Respondent, v ZURICH INSURANCE COMPANY, Doing Business as ZURICH CANADA, Respondent-Appellant. [700 NYS2d 129] —Order, Supreme Court, New York County (Barry Cozier, J.), entered April 3, 1998, which, insofar as appealed and cross-appealed from, granted defendant's motion for summary judgment dismissing plaintiffs' second cause of action in the amended complaint and denied defendant's motion to amend

its answer to assert counterclaims, unanimously modified, on the law, to deny the motion for summary judgment and reinstate the second cause of action, and otherwise affirmed, without costs.

This action arose out of a construction dispute in the Virgin Islands between defendant, a Swiss corporation, with a New York office, and plaintiff, a Virgin Islands corporation. In 1991, plaintiff filed a construction lien against property upon which it had performed construction work in the Virgin Islands. The lien was released upon the filing of a bond ultimately issued by defendant. Plaintiff obtained an arbitration award which was confirmed by the District Court of the Virgin Islands in June 1994. Zurich refused to make payment under the bond, contending that there was a question as to what issues were determined in the arbitration. Plaintiff commenced this action to recover on the lien discharge bond, alleging causes of action for breach of the duty to discharge the bond and bad faith refusal.

After two years of litigation, plaintiff was granted summary judgment on the first cause of action for breach of the duty to discharge and was awarded a judgment. Plaintiff served 19 restraining notices on various financial institutions where it believed defendant might have funds. Defendant brought an order to show cause seeking release of the restraining notices. After the order was signed but prior to it being heard, plaintiff withdrew the notices. Defendant also moved by order to show cause for summary judgment dismissing the second cause of action in the amended complaint for bad faith, on the theory that pursuant to New York law, plaintiff was not entitled to punitive damages solely upon a surety's failure to perform its contractual obligations. It also moved by yet another order to show cause for leave to amend its answer to assert five counterclaims as a result of plaintiff's service of the restraining orders, and the resultant refusal to withdraw them after the appeal undertaking was filed.

In ruling on the motion to dismiss the second cause of action for bad faith, the motion court erroneously applied both New York and Virgin Islands law, finding that the law of both jurisdictions was the same. However, under New York law, punitive damages are available where the egregious conduct is " 'aimed at the public generally' " (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613, quoting *Walker v Sheldon*, 10 NY2d 401, 405). Virgin Islands law does not require such a showing. The wrong must be incurred by the individual insured rather than the general public (*Justin v Guardian Ins. Co.*, 670

F Supp 614, 617). Consequently, there is an actual conflict between the laws of the jurisdictions involved (*Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219), and the motion court should have utilized conflict of laws principles to ascertain which law should apply.

It is well settled that when making a choice of law determination in contract cases, the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which gain relevancy in defining State interests are those which relate to the particular law in conflict (*Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 382). Applying these principles to the facts herein, we find that Virgin Islands law must be applied to the subject issue. Outside of the fact that defendant has an office in New York, and that the litigation was brought here, New York has little interest in the action.

Finally, plaintiff successfully demonstrated that there exist questions of fact as to whether defendant exercised bad faith in its refusal to pay on the discharge bond. Plaintiff offered both the bond and the Virgin Islands judgment, and an affidavit that the lien had not been discharged, along with a recital of defendant's conduct in seeking to avoid payment. Dismissal of the second cause of action at this juncture is premature.

The motion court properly denied defendant's motion to amend its answer to include counterclaims for abuse of process, bad faith, intentional interference with business relations, prima facie tort and disparagement based upon plaintiff's service of retraining notices after it had been awarded judgment against defendant. The party opposing a motion to amend pleadings "must overcome a presumption of validity in favor of the moving party, and demonstrate that the facts alleged and relied upon in the moving papers are obviously not reliable or are insufficient" (*Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371). Plaintiff's legitimate use of a collection tool did not constitute a tort, and, thus, it overcame the presumption of validity of the proposed causes of action. Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.