■ NICHOLAS R. CAPECE, JR., et al., Appellants, v LYNNE ROBBINS et al., Respondents. [847 NYS2d 243]—

In an action to recover a down payment on a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brennan, J.), dated August 30, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and to cancel the notice of pendency, and denied their cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs entered into a contract (hereinafter the contract) to purchase certain real property from the defendants Lynne Robbins and Jeffrey Robbins, as trustees of the Lynne Robbins Trust (hereinafter the trust). The plaintiffs provided a down payment to be held in escrow by the trust's attorney, the defendant Martin P. Cohen. A rider provision to the contract provided, inter alia, that in the event of termite infestation, the

trust could elect to treat the condition or cancel the contract. Upon receipt of an inspection report furnished by the plaintiffs indicating the presence of a termite infestation, the trust responded that it was not in a position to accept the report, as it had received another inspection report that indicated no termite presence. The plaintiffs interpreted this response as a cancellation of the contract. The trust repeatedly rejected the contention that it was cancelling the contract, and it offered a credit at closing for the termite treatment costs, but then treated the alleged termite condition itself and provided a one-year warranty from an exterminator.

The plaintiffs did not appear at a time-of-the-essence closing and thereafter commenced this action. The parties both moved for summary judgment, and the Supreme Court granted the defendants' motion, finding that the plaintiffs had defaulted. We affirm.

Contrary to the plaintiffs' assertion, the trust never cancelled the contract. Moreoever, the trust's failure to comply with the specific terms of the contract clause by initially offering a credit rather than treating the condition itself did not constitute a material breach (*see Links at N. Hills v Baker*, 226 AD2d 279 [1996]). The Trust was ready, willing, and able to perform on the closing date, and the plaintiffs defaulted by failing to appear (*see Premier Stor. Solutions v Almar Group*, 303 AD2d 481 [2003]; *Zahl v Greenfield*, 162 AD2d 449 [1990]). Under such circumstances, the defendants established their prima facie entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Upon the plaintiffs' failure to raise a triable issue of fact, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and to cancel the notice of pendency.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.