■ David R. Caplan, Appellant-Respondent, v Lawrence E. Tofel et al., Respondents-Appellants. [886 NYS2d 182]—

In an action to recover damages for abuse of process and tortious interference with prospective economic advantage, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 22, 2008, as granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) and to impose a sanction upon him pursuant to 22 NYCRR 130-1.1, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was to impose a sanction upon the plaintiff's counsel pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants; and it is further,

Ordered that on the Court's own motion, counsel for the parties to this appeal are directed to show cause why an order should or should not be made and entered imposing such sanctions, and/or costs, if any, including appellate counsel fees, against the plaintiff and/or the plaintiff's counsel, pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an original and four copies of an affirmation or affidavit on that issue with the Clerk of this Court and serving one copy on the other party on or before October 23, 2009; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). The complaint failed to state a cause of action because it did not set forth facts to support the plaintiff's conclusory allegation that the defendants' lawful issuance of a restraining notice constituted an abuse of process or tortious interference with prospective economic advantage (*see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *Reisman v Kerry Lutz, P.C.*, 6 AD3d 418, 419 [2004]; *Aluminum Mill Supply Corp. v Larkin*, 129 AD2d 542 [1987]; *see also Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004]). The defendants' "legitimate use of a collection tool did not constitute a tort" (*Caribbean Constr. Servs. & Assoc. v Zurich Ins. Co.*, 267 AD2d 81, 83 [1999]; *see* CPLR 5222). Moreover, the plaintiff failed to allege that he sustained any damages as a result of his inability to secure a new bond from the Travelers Insurance Company (hereinafter the insurance company) while his appeal from the defendants' judgment against him was pending (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 405 [1975]), and his allegation that his business relationship with the insurance company was severely and permanently damaged is flatly contradicted by the record, and thus need not be accepted as true (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]).

The Supreme Court also providently exercised its discretion in granting that branch of the defendants' motion which was to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1 for frivolous conduct. Contrary to the plaintiff's contention, the record supports the Supreme Court's finding that he engaged in frivolous conduct by instituting this action for the primary purpose of delaying enforcement of the defendants' judgment (*see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d 411 [1990]). However, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to impose a sanction upon the plaintiff's counsel, based upon its finding that counsel was not fully aware of the history of prior litigation between the parties.

The continuation of the same patently meritless arguments on appeal would appear to constitute frivolous conduct, and

therefore we direct counsel for the parties to show cause why additional sanctions should or should not be imposed (*see Good Old Days Tavern v Zwirn,* 271 AD2d 270 [2000]; 22 NYCRR 130-1.1 [c]). Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.