■ SUTPHIN MANAGEMENT CORP., Appellant-Respondent, v REP 755 REAL ESTATE, LLC, et al., Respondents-Appellants, and CVS ALBANY, LLC, et al., Respondents. 777 REALTY, LLC, et al., Additional Counterclaim Defendants-Respondents. [900 NYS2d 428]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered August 19, 2008, as modified by a so-ordered stipulation also entered August 19, 2008, as granted those branches of the motion of the defendants REP 775 Real Estate, LLC, REP 775 Holdings, LLC, REP 777 Real Estate, LLC, REP 777 Holdings, LLC, REP 1211 Real Estate, LLC, REP 1211 Holdings, LLC,. and REP Realty, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their third counterclaim declaring that all of its right, title, and interest in the subject real property was terminated, that it has no further interest in, or claim under the contract to any interest in, the subject real property or in a lease entered into between the additional counterclaim defendant 777 Realty, LLC, and the defendant CVS Albany, LLC, that all interests of the additional counterclaim defendants 777 Realty, LLC, and Robin Eshaghpour under that lease were duly and unconditionally assigned to the defendants REP 775 Real Estate, LLC, REP 775 Holdings, LLC, REP 777 Real Estate, LLC, REP 777 Holdings, LLC, REP 1211 Real Estate, LLC, REP 1211 Holdings, LLC, and REP Realty, LLC, and that those defendants are the successor landlords under the lease, and to cancel a notice of pendency dated January 9, 2008, filed in connection with the subject real property, and the defendants REP 775 Real Estate, LLC, REP 775 Holdings, LLC, REP 777 Real Estate, LLC, REP 777 Holdings, LLC, REP 1211 Real Estate, LLC, REP 1211 Holdings, LLC, and REP Realty, LLC, cross-appeal, as limited by their brief, from so much of the same order, as modified by the so-ordered stipulation, as granted those branches of the cross motion of the plaintiff and the additional counterclaim defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second counterclaims for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for

the entry of an appropriate declaratory judgment in accordance herewith.

The defendant REP 755 Real Estate and its related entities (hereinafter the seller) are the owners of two parcels of real property in Bethpage (hereinafter the subject property). On December 21, 2005, the plaintiff Sutphin Management Corp. (hereinafter the buyer) entered into a contract of sale (hereinafter the contract) with the seller to purchase the subject property. The buyer's purpose in purchasing the subject property was to have its affiliate, the additional counterclaim-defendant 777 Realty, Inc. (hereinafter 777 Realty), lease it to the defendant CVS Corporation or a related company for construction of a pharmacy and retail store. Subsequent to the execution of the contract, 777 Realty entered into such a lease (hereinafter the CVS lease) with the defendant CVS, Albany, LLC (hereinafter, together with CVS Corporation, CVS).

The contract provided that closing would occur within 90 days following the expiration of a stated due diligence period, which was in or about May 2006. On August 24, 2006, when the closing had not yet occurred, the buyer and seller agreed, by "Letter Agreement," to extend the closing date until January 31, 2007, with time of the essence. The letter agreement, however, gave the buyer an option to extend the closing date to February 28, 2007, upon notice and payment of the sum of $50,000. Under the terms of the letter agreement, if the buyer failed to close, it would be deemed to be in material breach of the contract, resulting in the buyer's surrender of the CVS lease, and the assignment thereof to the seller. On March 13, 2007, when the closing had still not occurred, and the option had not been exercised, the buyer and the seller entered into a "Second Letter Agreement," whereby they agreed to extend the closing date until June 30, 2007, with time of the essence. The second letter agreement, however, gave the buyer an option to extend the closing date until July 31, 2007, upon notice and payment of the sum of $75,000. The second letter agreement included a material breach provision similar to that set forth in the initial letter agreement. As June 30, 2007, approached, the buyer and the seller discussed extending the closing date further, but no agreement with respect to that issue was finalized during that period.

On June 30, 2007, the seller's attorney appeared at a title company's office, ostensibly for the closing, but the buyer did not appear. On September 5, 2007, the seller informed the buyer that it was in default, having failed to appear at the closing, and the seller requested the return of all due diligence materials. On

September 18, 2007, the parties prepared a memorandum of "a synopsis of the terms agreed to between" them. The memorandum was signed by representatives from the buyer and seller; a representative from CVS also signed it, but only as a "witness." The memorandum, inter alia, provided that the closing "shall occur on or before November 15, 2007." Thereafter, a "Third Letter Agreement" was drafted, which provided for a closing date of November 15, 2007, with time of the essence. The parties, however, never executed that document.

The buyer commenced this action seeking, inter alia, specific performance of the contract and, in connection therewith, it filed a notice of pendency in connection with the subject property. The seller counterclaimed, seeking damages for the wrongful commencement of the action and the wrongful filing of the notice of pendency (hereinafter the first counterclaim), and to recover damages for tortious interference by Robin Eshaghpour, the principal of both the buyer and 777 Realty, with the seller's rights to the CVS lease by filing the notice of pendency (hereinafter the second counterclaim). The seller also sought a judgment declaring that all right, title, and interest of the buyer, as purchaser under the contract, was duly terminated, that the buyer had no further interest in, or claim under the contract to any interest in, the subject property or the CVS lease, that all interests of the additional counterclaim-defendants 777 Realty, LLC, and Robin Eshaghpour under the CVS lease were duly and unconditionally assigned to it, and that it is the successor landlord under the CVS lease (hereinafter the third counterclaim).

The seller moved for summary judgment dismissing the complaint insofar as asserted against it and on its third counterclaim, and to cancel the notice of pendency. The buyer opposed the motion and cross-moved to dismiss the seller's first and second counterclaims on the ground that those counterclaims failed to state a cause of action. In an order entered August 19, 2008, as modified by a so-ordered stipulation also entered August 19, 2008, the Supreme Court awarded summary judgment to the seller dismissing the complaint insofar as asserted against it and on the third counterclaim for declaratory relief, and granted that branch of the seller's motion which was to cancel the notice of pendency. The Supreme Court also granted those branches of the cross motion which were to dismiss the first and second counterclaims. We affirm the order insofar as appealed and cross-appealed from.

The seller made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the buyer

was not ready, willing, and able to close on the law date (*see ADC Orange, Inc. v Coyote Acres, Inc.,* 20 AD3d 493, 495 [2005], *affd as mod* 7 NY3d 484 [2006]; *Ferrone v Tupper,* 304 AD2d 524, 525 [2003]; *Goller Place Corp. v Cacase,* 251 AD2d 287, 288 [1998]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Contrary to the buyer's contention, the law date was June 30, 2007. Although the parties executed a memorandum of "a synopsis of the terms agreed to between" them, which included a provision extending the law date to November 15, 2007, the parties' course of dealing, that is, the previously executed formal "Letter Agreements," as well as the proposed but unexecuted "Third Letter Agreement," demonstrates that the memorandum was not considered a formal agreement (*see EDP Med. Computer Sys. v Sears, Roebuck & Co.,* 149 AD2d 563, 564-565 [1989]; 1-1 Corbin on Contracts § 1.9; Restatement [Second] of Contracts § 27). In opposition to the seller's showing, the buyer failed to raise a triable issue of fact. Accordingly, the Supreme Court properly awarded summary judgment to the seller dismissing the complaint and on its third counterclaim for declaratory relief, and properly granted that branch of the seller's motion which was to cancel the notice of pendency (*see* CPLR 6514 [a]; *Capece v Robbins,* 46 AD3d 589, 590 [2007]).

Contrary to the seller's contention, the Supreme Court properly granted that branch of the cross motion of the buyer and the additional counterclaim defendants which was to dismiss the first counterclaim. Although, under some circumstances, a seller could properly seek damages, via a counterclaim, in connection with the commencement of an action for specific performance of a contract for the sale of real property and the filing of a notice of pendency (*see Shkolnik v Krutoy,* 65 AD3d 1214, 1216 [2009]), the allegations here are insufficient to make out a claim that the buyer acted in bad faith (*id.; cf. Josefsson v Keller,* 141 AD2d 700, 701 [1988]).

The Supreme Court also properly granted that branch of the cross motion of the buyer and the additional counterclaim defendants which was to dismiss the second counterclaim (*see Beecher v Feldstein,* 8 AD3d 597, 598 [2004]; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 490 [1995]).

The buyer's remaining contention is without merit.

Since the third counterclaim sought a declaratory judgment, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that all of the buyer's right, title, and interest in the subject real property was terminated, that the buyer has no further interest in, or claim under the contract to any interest in, the subject prop-

erty or in the CVS lease, that all interests of the additional counterclaim defendants under the CVS lease were duly and unconditionally assigned to the seller, and that the seller is the successor landlord under the CVS lease (*see Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur. **[Prior Case History: 20 Misc 3d 1135(A), 2008 NY Slip Op 51736(U).]**