■ CRAIG MARTIN, Appellant, v GEORGE BURNS, Respondent. ARTHUR MORRISON, Nonparty Appellant. [909 NYS2d 98]—

In an action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the nonparty former attorney for the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Smith, J.), entered February 18, 2009, as, upon an amended order of the same court dated January 30, 2009, granting that branch of the defendant's motion which was to impose a sanction upon him pursuant to 22 NYCRR 130-1.1 for frivolous conduct, is in favor of the defendant and against him in the principal sum of $500, and the plaintiff separately appeals, as limited by his brief, from so much of the same order and judgment as, upon an order of the same court dated December 5, 2008, among other things, granting those branches of the defendant's motion which were for summary judgment dismissing the complaint and on his first counterclaim for retention of the down payment, is in favor of the defendant and against him, directing, inter alia, the release from escrow of the sum of $76,500, and the payment of that sum to the defendant.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs; and it is further,

Ordered that on the Court's own motion, counsel for the defendant and the nonparty former attorney for the plaintiff are directed to show cause why an order should or should not be made and entered imposing such sanctions, and/or costs, if any, against the nonparty former attorney for the plaintiff pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an original and four copies of an affirmation or af-

fidavit on that issue with the Clerk of this Court and serving one copy on the other party before January 21, 2011; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The plaintiff buyer commenced this action against the defendant seller, inter alia, to recover a down payment given pursuant to a contract for the sale of real property.

In support of his motion, among other things, for summary judgment dismissing the complaint and on his counterclaim for retention of the down payment, the defendant submitted evidence establishing that the plaintiff breached the contract by failing to appear at the closing after the defendant provided the plaintiff with unequivocal notice that he was setting a closing date of July 18, 2008, where time was of the essence, and that the plaintiff's failure to comply would be considered a default (*see Zullo v Varley*, 57 AD3d 536, 537 [2008]; *Bowery Boy Realty, Inc. v H.S.N. Realty Corp.*, 55 AD3d 766, 768 [2008]; *Somma v Richardt*, 52 AD3d 813, 814 [2008]). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on his counterclaim for retention of the down payment.

The Supreme Court also providently exercised its discretion in granting that branch of the defendant's motion which was to impose a sanction upon the former attorney for the plaintiff pursuant to 22 NYCRR 130-1.1 for frivolous conduct. In addition to failing to recognize and adhere to proper statutory procedure, the former attorney for the plaintiff effectively ignored the defendant's request to cancel a compliance conference which had been rendered academic by the court's December 5, 2008, order, inter alia, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint. Moreover, the former attorney for the plaintiff failed to appear at that conference, and he failed or refused to withdraw various motions which were likewise rendered academic by the December 5, 2008 order (*see Caplan v Tofel*, 65 AD3d 1180, 1181-1182 [2009]). Thus, the record supports the Supreme Court's finding that the former attorney for the plaintiff engaged in frivolous conduct.

The appeal by the former attorney for the plaintiff is only

from so much of order and judgment as granted that branch of the defendant's motion which was to impose a sanction upon him. However, the brief of the former attorney for the plaintiff consists almost entirely of a reargument of the merits of a motion and cross motion that the Supreme Court disposed of in the order dated December 5, 2008, to the near exclusion of discussion as to whether the Supreme Court providently exercised its discretion in imposing a sanction upon him based on the conduct described in the preceding paragraph. As this would appear to constitute frivolous conduct, we direct counsel for the defendant and for the nonparty former attorney for the plaintiff to show cause why additional sanctions should or should not be imposed (*see Caplan v Tofel*, 65 AD3d at 1181-1182; *Good Old Days Tavern v Zwirn*, 271 AD2d 270 [2000]; 22 NYCRR 130-1.1 [c]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Dillon, J.P., Balkin, Belen and Lott, JJ., concur. **[As corrected by unreported motion dated Jan. 6, 2011, see 2011 NY Slip Op 60388(U).]**