■ LEIGH ANDREW BRAND III et al., Appellants, v ANN-MARIE NORDGREN, Respondent. [919 NYS2d 61]—

The plaintiffs (hereinafter together the purchasers) and the defendant (hereinafter the seller) entered into a contract for the sale of certain real property, which, inter alia, required the purchasers to tender a down payment to the seller in the sum of $86,000. The purchasers and the seller subsequently executed a side letter agreement, which recited that, with certain exceptions, $20,000 of the $86,000 down payment was nonrefundable.

As is relevant to this appeal, one exception to the nonrefundability of this $20,000 was that, if the purchasers received an appraisal of the subject real property that valued it at less the $860,000 purchase price, the otherwise nonrefundable $20,000 portion of the down payment would be returned to them. However, the side letter agreement also recited that the purchasers waived their right to any refund of the $20,000 portion of the down payment if, by a date certain, they failed to obtain such an appraisal, or failed to notify the seller or her attorney of their receipt of such an appraisal.

After the time for the purchasers to timely notify the seller or her attorney of the existence of the required appraisal had lapsed, the seller exercised her right to retain the $20,000 portion of the down payment, and returned the remaining $66,000 to the purchasers. The purchasers commenced this action for the return of the remaining portion of the down payment. The seller counterclaimed to retain the nonrefundable $20,000 portion of the down payment. The Supreme Court granted the seller's motion for summary judgment dismissing the complaint and on her counterclaim for retention of the $20,000 nonrefundable portion of the down payment. The purchasers appeal, and we affirm.

The Supreme Court properly granted the seller's motion for summary judgment dismissing the complaint and on her counterclaim for retention of a portion of the down payment under the contract. The seller established, prima facie, that the purchasers failed to obtain an appraisal of the subject real property evaluating it at less than the purchase price, and failed to notify her or her attorney of their receipt of such an appraisal prior to the expiration of the contingency period, as required by the side letter agreement. In opposition, the purchasers failed to raise a triable issue of fact. The purchasers, in their statement of uncontroverted facts, conceded that they did not obtain an appraisal of the property, completed by their lending institution, which appraised the value of the property at an amount less than the purchase price, and that they did not notify the seller, on or before the deadline, that they had received a completed appraisal valuing the property at an amount less than the purchase price (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *see also Vibar Constr., Inc. v Konetchy*, 78 AD3d 819 [2010]; *Martin v Burns*, 77 AD3d 633 [2010]).

Accordingly, the Supreme Court properly granted the seller's motion for summary judgment dismissing the complaint and on her counterclaim to retain the specified portion of the down payment.

The purchasers' remaining contentions, raised for the first time on appeal, are not properly before this Court. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.