In an action for a judgment declaring that the plaintiff is entitled to receive and retain, as liquidated damages, a down payment given pursuant to a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 31, 2011, which, upon an order of the same court dated May 26, 2010, granting the plaintiff’s motion for summary judgment and denying their cross motion for summary judgment on their counterclaim to recover the down payment, declared that the defendants were in default under the parties’ contract and that the plaintiff was entitled to receive and retain the down payment and accumulated interest held in escrow by his attorney.
Ordered that the judgment is affirmed, with costs.
Initially, we note that the defendants previously appealed from an order dated May 26, 2010, upon which the judgment appealed from was entered. That appeal was dismissed by this Court for failure to prosecute. Although the defendants ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d *1289 350 [1976]), under all of the circumstances of the case, we exercise our discretion to determine the issues raised on the instant appeal (see Faricelli v TSS Seedman’s, 94 NY2d 772, 774 [1999]; Ho Sports, Inc. v Meridian Sports, Inc., 92 AD3d 915, 916 [2012]; Scalcione v Winthrop Univ. Hosp., 53 AD3d 605, 606 [2008]).
On July 19, 2007, the plaintiff entered into a contract to sell commercial premises in the Greenpoint section of Brooklyn to the defendants for the sum of $1,900,000. Upon signing the contract, the defendants tendered a $190,000 down payment to be held in escrow by the plaintiffs attorney. Section 16 of the contract afforded the defendants a “due diligence period” to inspect the premises for the presence or absence of hazardous substances. The defendants were given 45 days to conduct such inspection and provide the plaintiff a copy of the resulting report. In the event the report concluded that there were hazardous substances on the premises, the defendants could cancel the contract by written notice within the 45-day due diligence period, unless the plaintiff advised them that he was electing to remediate the condition. The contract further specified that “time shall be of the essence with respect to purchaser’s actions pursuant to this Section 16.”
It is undisputed that the 45-day due diligence period passed without the defendants either inspecting the premises, or requesting an extension of the due diligence period. The plaintiff informed the defendants that they had, therefore, waived their right to cancel the contract on the ground that there were hazardous substances on the premises. The plaintiff repeatedly requested that the defendants close title, and, after several adjournments of proposed closing dates, the plaintiff declared that time was of the essence, and set a date for closing. Although the plaintiff thereafter agreed to adjourn the closing to April 2, 2008, the defendants failed to appear for closing on that date.
The plaintiff subsequently commenced this action against the defendants, alleging that they had defaulted on the contract by failing to close, and seeking a judgment declaring that he is entitled to receive and retain the defendants’ down payment as liquidated damages. The plaintiff moved for summary judgment, and the defendants cross-moved for summary judgment on their counterclaim to recover the down payment. The Supreme Court granted the plaintiffs motion and denied the defendants’ cross motion, concluding that the defendants had waived their right to cancel the contract due to the presence of hazardous substances on the property, and had defaulted by *1290 failing to appear for closing on the law day. The defendants appeal, and we affirm.
The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by establishing that he was ready, willing, and able to perform on the law day, and that the defendants defaulted by failing to appear for closing (see Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868, 870 [2012]; Benhamo v Marinelli, 82 AD3d 922 [2011]; Martin v Burns, 77 AD3d 633, 634 [2010]; Capece v Robbins, 46 AD3d 589, 590 [2007]; Premier Stor. Solutions v Almar Group, 303 AD2d 481, 482 [2003]). Although the defendants contend that the plaintiff was not ready, willing, and able to tender performance in conformity with the contract because he could not deliver the premises free of contaminants and environmental hazards, the subject contract contained no such requirement. To the contrary, the contract provided that the premises were to be sold “as is,” and the plaintiff demonstrated, prima facie, that the defendants forfeited their right to cancel the contract based on the presence of hazardous substances by failing to do so before the expiration of the due diligence period (see Brand v Nordgren, 82 AD3d 923, 924 [2011]; Jorjill Holding v Grieco Assoc., 6 AD3d 500, 502 [2004]). In opposition to the plaintiff’s prima facie showing, the defendants failed to raise a triable issue of fact. Pursuant to the terms of the contract, the plaintiff is, thus, entitled to receive and retain the defendants’ down payment as liquidated damages. Accordingly, the Supreme Court properly granted the plaintiffs motion for summary judgment and denied the defendant’s cross motion. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.