■ BEN NEHMADI, Appellant, v WILLIAM DAVIS, Respondent. [994 NYS2d 665]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered September 10, 2013, as denied his motion, in effect, for summary judgment on the complaint, and granted those branches of the defendant's cross motion which were, in effect, for summary judgment dismissing the complaint and on the counterclaim declaring that the plaintiff is in default under the contract of sale and that the defendant is entitled to retain the down payment as liquidated damages, and (2) from a judgment of the same court entered October 3, 2013, which, upon the order, dismissed the complaint and declared that he is in default under the contract of sale and that the defendant is entitled to retain the down payment as liquidated damages.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

In December 2006, the parties entered into a contract whereby the defendant (hereinafter the seller) agreed to sell, and the plaintiff (hereinafter the buyer) agreed to purchase, certain real property located in Old Westbury. The facts of the case are set forth in the respective decision and order on the prior appeals (*see Nehmadi v Davis*, 95 AD3d 1181 [2012]; *Nehmadi v Davis*, 63 AD3d 1125 [2009]). While the second appeal was pending, the seller sent written notice to the buyer informing him that, in accordance with a Supreme Court order entered December 17, 2010, a closing was scheduled for January 14, 2011, and that, should the buyer fail to close, the seller would be entitled to retain the down payment. The buyer did not appear at the closing.

Contrary to the buyer's contention, the Supreme Court properly denied his motion, in effect, for summary judgment on the complaint, since he was not ready, willing, and able to perform his contractual obligations on the law day (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997 [1983]; *New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.*, 115 AD3d 829 [2014]; *Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 78 AD3d 1010 [2010]).

On his cross motion, the seller made a prima facie showing of his entitlement to judgment as a matter of law by establishing that he was ready, willing, and able to perform on the law day, and that the buyer defaulted by failing to appear for closing (*see Vision Enters., LLC v 111 E. Shore, LLC*, 92 AD3d 868 [2012]). In opposition to the seller's prima facie showing, the buyer failed to raise a triable issue of fact (*see Ravina v Hsing Hsung Chuang*, 95 AD3d 1288, 1290 [2012]; *Vision Enters., LLC v 111 E. Shore, LLC*, 92 AD3d at 870; *see also Gargano v Rubin*, 200 AD2d 554 [1994]; *DeJong v Mandelbaum*, 122 AD2d 772 [1986]). Accordingly, the Supreme Court properly dismissed the complaint and declared that the buyer is in default under the contract of sale and that the seller is entitled to retain the down payment as liquidated damages. Dillon, J.P., Hall, Austin and Barros, JJ., concur.