■ BURLINGTON INSURANCE COMPANY, Appellant, v CASUR CORPORATION, Respondent. [1 NYS3d 150]—

In an action to recover unpaid insurance premiums, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered May 14, 2014, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

The plaintiff insurer established its prima facie entitlement to judgment as a matter of law on the complaint by submitting the subject insurance policy, the audit statement, and the affidavit of the plaintiff's accounts receivable and collections manager. These submissions demonstrated that, pursuant to an audit and revised audit, which were conducted after expiration of the policy in accordance with the terms of the policy, the defendant owed an additional $134,550 in premiums (*see Evanston Ins. Co. v Po Wing Hong Food Mkt., Inc.*, 21 AD3d 333 [2005]; *cf. Essex Ins. Co. v Laruccia Constr., Inc.*, 71 AD3d 818 [2010]; *Safeguard Ins. Co. v Tetz & Sons*, 271 AD2d 516 [2000]). In opposition, the defendant failed to raise a triable issue of fact.

To the extent that the defendant argues that the plaintiff's motion for summary judgment was premature, this contention is without merit. A party contending that a motion for summary judgment is premature is required to demonstrate that

additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768 [2014]; *Williams v Spencer-Hall*, 113 AD3d 759 [2014]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Williams v Spencer-Hall*, 113 AD3d 759 [2014]; *Rungoo v Leary*, 110 AD3d 781 [2013]). Here, the defendant failed to indicate what evidence discovery may uncover, in addition to what has already been produced.

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.