■ DAVID JANNETTI, Appellant, v MARY M. WHELAN et al., Respondents. [17 NYS3d 455]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered February 13, 2014, which granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On September 9, 2010, the plaintiff entered into a contract with the defendants to purchase certain real property from the defendants for the sum of $6,050,000. The plaintiff made a down payment in the sum of $100,000, and entered into a purchase money mortgage with the defendants for a portion of the balance in the sum of $4,500,000, with the remaining balance of $1,450,000 to be paid at the closing. The contract provided that the closing was to take place on December 24, 2010, and the contract rider stated that if the plaintiff failed to close on or before that date, "this contract shall become null and void and [the defendants] shall retain the deposit made hereunder," and that neither party would have "any further recourse against the other." In a letter dated December 3, 2010, the defendants' counsel advised the plaintiff that the defendants were "prepared to close on the date specified in the contract, subject to timely submission of financial and personal information, sufficient and necessary to warrant a $4,500,000 purchase money mortgage."

On December 8, 2010, the plaintiff commenced this action, inter alia, for specific performance of the contract, alleging that the defendants' letter dated December 3, 2010, constituted an anticipatory repudiation of the contract. Thereafter, the defendants cross-moved for summary judgment dismissing the complaint, asserting, among other things, that there was no evidence that the plaintiff was ready, willing, and able to close on December 24, 2010. In an order entered February 13, 2014, the Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint on the ground

that there was no evidence that time was made of the essence for the defendants to close on December 24, 2010. The plaintiff appeals from the order. We affirm the order, albeit on a different ground.

As the defendants correctly concede, the Supreme Court improperly based its determination granting their cross motion on the ground that the plaintiff failed to make time of the essence to close on December 24, 2010, insofar as the contract rider expressly stated that the contract would be "null and void" if the closing did not occur on or before December 24, 2010 (*see Petrelli Assoc. v Germano*, 268 AD2d 513, 514 [2000]).

Nevertheless, the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating the absence of a triable issue of fact regarding whether the plaintiff was ready, willing, and able to close on December 24, 2010 (*see Revital Realty Group, LLC v Ulano Corp.*, 112 AD3d 902, 904 [2013]; *Sutphin Mgt. Corp. v REP 755 Real Estate, LLC*, 73 AD3d 738, 741-742 [2010]; *Zeitoune v Cohen*, 66 AD3d 889, 892 [2009]; *Knopff v Johnson*, 29 AD3d 741, 741-742 [2006]).

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. To the extent the plaintiff argued that the defendants' cross motion for summary judgment was premature, this contention is without merit. "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant[s]" (*Burlington Ins. Co. v Casur Corp.*, 123 AD3d 965, 965-966 [2014]; *see* CPLR 3212 [f]). "[T]he mere hope that further discovery will reveal the existence of a triable issue of fact is insufficient to delay determination of the motion" (*Chester v Alsol Enters., Ltd.*, 95 AD3d 922, 923 [2012]). Here, the plaintiff failed to indicate what evidence further discovery might uncover, or to explain how information concerning his financial ability to close on December 24, 2010, was not already in his possession.

To the extent the plaintiff submitted bank statements as an exhibit to his "Reply Affidavit" after the submission of the defendants' reply papers on the cross motion, this was, in effect, an improper surreply, and such documents could not be considered (*see Graffeo v Paciello*, 46 AD3d 613, 615 [2007]; *Flores v Stankiewicz*, 35 AD3d 804, 805 [2006]).

The parties' remaining contentions are either not properly before this Court or without merit.

Accordingly, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.