Jian Yun Guo v Azzab (2018 NY Slip Op 04314)





Jian Yun Guo v Azzab


2018 NY Slip Op 04314


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-03016
 (Index No. 503205/14)

[*1]Jian Yun Guo, appellant, 
v
Vera Azzab, et al., respondents, et al., defendants.


Nicholas M. Moccia, P.C., Staten Island, NY, for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Brooklyn, NY (Andrea J. Caruso of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 17, 2016. The order, insofar as appealed from, granted the motion of the defendants Vera Azzab and "John Doe 1," also known as Fawzy Azzab, as attorney-in-fact for Vera Azzab, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Vera Azzab and "John Doe 1," also known as Fawzy Azzab, as attorney-in-fact for Vera Azzab, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims is denied.
In December 2013, the plaintiff (hereinafter the buyer) and the defendant Vera Azzab (hereinafter the seller) entered into a contract for the sale of real property located in Brooklyn. The contract stated that the closing would be held on or about January 6, 2014, but time was not made of the essence. The parties did not close at the time provided in the contract.
The buyer thereafter commenced this action, inter alia, for specific performance. The seller and her brother, the defendant Fawzy Azzab (hereinafter together the Azzab defendants), interposed an answer which included counterclaims, inter alia, for breach of contract. The Azzab defendants moved for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims. The buyer opposed the motion. The Supreme Court granted the Azzab defendants' motion, and the buyer appeals.
In order to establish prima facie entitlement to summary judgment dismissing a buyer's cause of action for specific performance, the seller may demonstrate the absence of a triable issue of fact regarding whether the buyer was ready, willing, and able to close in accordance with the contract of sale (see Knopff v Johnson, 29 AD3d 741, 742). A seller of real property moving for summary judgment on its counterclaim seeking a declaration that the buyer is in default under the contract of sale and that the seller is entitled to retain the down payment as liquidated damages also must make a prima facie showing that the seller was ready, willing, and able to perform on the law [*2]day (see Nehmadi v Davis, 121 AD3d 871, 872; Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868, 870). In this regard, a seller may demonstrate prima facie entitlement to judgment as a matter of law by presenting evidence that a buyer failed to appear at a time-of-the-essence closing (see Martin v Burns, 77 AD3d 633, 634; Zelmanovitch v Ramos, 299 AD2d 353, 353-354).
Here, the Azzab defendants established their prima facie entitlement to judgment as a matter of law. In support of their motion, they submitted a copy of a letter dated March 28, 2014, sent by the buyer's attorney, Jonathan Chen, to the seller's attorney, Randy Goldfarb, scheduling the closing for 10:00 a.m. on April 11, 2014, at Goldfarb's office, with time being of the essence. They also submitted an affidavit from Fawzy Azzab in which he attested that the seller gave him a power of attorney to complete the sale, and a pre-executed deed transferring the property to the buyer. Fawzy Azzab stated that he appeared at Goldfarb's office for the law day closing. After waiting for one to two hours, Fawzy Azzab left Goldfarb's office as neither the buyer nor Chen appeared at the closing. This evidence was sufficient to establish, prima facie, that the buyer did not appear at the law day closing and that the seller was ready, willing, and able to perform on the law day.
However, in opposition to the motion, the buyer raised triable issues of fact as to whether her failure to appear at the law day closing constituted a default under the contract of sale. "An anticipatory breach by the party from whom specific performance is sought excuses the party seeking specific performance from tendering performance, but not from the requirement that the party seeking specific performance establish that he or she was ready, willing, and able to perform" (Zeitoune v Cohen, 66 AD3d 889, 891). A seller's statement to the buyer that he or she does not intend to attend the closing can amount to an anticipatory breach of the contract (see Somma v Richardt, 52 AD3d 813).
Here, in opposition to the Azzab defendants' motion, the buyer submitted an affirmation from Chen and an affidavit from his paralegal, in which they stated that, prior to the law date, Goldfarb called Chen's office and stated that the seller did not intend to proceed to closing, would not attend the closing, and wanted to cancel the contract. The buyer also submitted a transcript of her own deposition testimony, in which she stated that she did not attend the law day closing or direct her brother to transfer the funds she needed to purchase the property because she had been informed that the seller would not attend the closing and was attempting to cancel the sale. This evidence was sufficient to raise a triable issue of fact as to whether the buyer's failure to appear at the closing was excused by Goldfarb's alleged statements (see Somma v Richardt, 52 AD3d 813; see generally Manzo v Gross, 19 AD3d 379, 379-380).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court