Jannetti v Whelan (2018 NY Slip Op 07108)





Jannetti v Whelan


2018 NY Slip Op 07108


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-01099
 (Index No. 44564/10)

[*1]David Jannetti, respondent, 
v
Mary M. Whelan, et al., appellants.


Patricia Weiss, Sag Harbor, NY, for appellants.
Michael G. Walsh, Water Mill, NY (Kelly A. Doyle of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated October 7, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to cancel a notice of pendency filed against the subject property and for summary judgment dismissing so much of the defendants' counterclaim as alleged breach of contract and sought to recover damages in excess of the plaintiff's down payment in the sum of $100,000.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was to cancel a notice of pendency filed against the subject property is dismissed, as the defendants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2010, the plaintiff and the defendants entered into a contract under which the plaintiff was to purchase certain waterfront residential real property owned by the defendants in Sag Harbor. The contract provided for a purchase price of $6,050,000, which was to be paid as follows: $100,000 upon the signing of the contract and $1,450,000 at closing, with the remainder accounted for by a note and purchase money mortgage between the plaintiff and the defendants. The contract provided that if the plaintiff failed to close "on or before December 24, 2010, this contract shall become null and void and Seller shall retain the deposit made hereunder. Neither party shall have any further recourse against the other." The parties have never disputed that the plaintiff made the $100,000 down payment, and they do not dispute that the defendants have retained it.
In a letter dated December 3, 2010, the defendants' attorney advised the plaintiff that the defendants were "prepared to close on the date specified in the contract, subject to timely submission of financial and personal information, sufficient and necessary to warrant a $4,500,000 purchase money mortgage." Less than a week later, on December 9, 2010, the plaintiff commenced [*2]this action seeking, inter alia, specific performance of the contract. The plaintiff alleged that the December 3, 2010, letter amounted to an anticipatory repudiation of the contract by the defendants.
Over the ensuing years, the parties litigated this matter extensively in the Supreme Court, Suffolk County, in this Court, and in federal court. Indeed, we have already decided two appeals in this matter (see Jannetti v Whelan, 131 AD3d 1209; Jannetti v Whelan, 97 AD3d 797), in addition to those we determine today (see Jannetti v Whelan, ___ AD3d ___ [Appellate Division Docket Nos. 2015-09034, 2015-09035, 2016-00965; decided herewith]; Jannetti v Whelan, ___ AD3d ___ [Appellate Division Docket No. 2017-09250; decided herewith]).
The defendants asserted a counterclaim with two parts. The first part alleged breach of contract and sought to recover damages in excess of the $100,000 down payment provided for in the contract. The second part sought a judgment declaring that the plaintiff "has no legal right [to] the $100,000.00 non-refundable deposit and that his claims to same are unfounded, and declaring that [the defendants] are entitled to retain said $100.000.00 free and clear of any claims by [the plaintiff]." In February 2014, the defendants were awarded summary judgment dismissing the complaint. In September 2015, we affirmed the order granting that relief (see Jannetti v Whelan, 131 AD3d 1209).
Several months later, in December 2015, the plaintiff moved for summary judgment dismissing the defendants' counterclaim and to cancel a notice of pendency regarding the property. The defendants opposed the plaintiff's motion insofar as it sought summary judgment, but did not oppose the motion insofar as it sought cancellation of the notice of pendency. In an order dated October 7, 2016, the Supreme Court granted the plaintiff's motion, except with respect to so much of the defendants' counterclaim as sought a judgment declaring that the defendants were entitled to retain the $100,000 down payment. The defendants appeal from so much of that order as awarded the plaintiff summary judgment dismissing so much of their counterclaim as sought to recover damages in excess of the $100,000 down payment, and as, they contend, failed to clearly direct the County Clerk to cancel the notice of pendency.
The defendants are not aggrieved by the portion of the order granting that branch of the plaintiff's motion which was to cancel the notice of pendency because they did not oppose that branch of the motion (see Elsayed v Edrees, 141 AD3d 503, 504). To the extent that the defendants were dissatisfied with the language in the Supreme Court's order regarding that branch of the plaintiff's motion, their remedy was to move in that court for resettlement of the order (see Joseph v Baksh, 137 AD3d 1220, 1221; Town of Warwick v Black Bear Campgrounds, 95 AD3d 1002, 1002; Greenberg v Greenberg, 218 AD2d 558, 559).
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment dismissing so much of the counterclaim as alleged breach of contract and sought to recover damages in excess of the down payment. " [A] valid contractual provision for liquidated damages controls the rights of the parties in the event of a breach, notwithstanding that the stipulated sum may be less than the actual damages allegedly sustained by the injured party'" (Wenger Constr. Co., Inc. v City of Long Beach, 152 AD3d 726, 728, quoting X.L.O. Concrete Corp. v Brady & Co., 104 AD2d 181, 184, affd 66 NY2d 970). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing that part of the counterclaim (see Meehan v Just Frank Realty, LLC, 108 AD3d 657, 657-658). The contract clearly provided that in the event the plaintiff failed to close on or before December 24, 2010, the defendants would be permitted to retain the down payment, but it also provided that the parties would have no "further recourse against" each other. In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to the existence of circumstances that would render the limitation of liability provision in the contract unenforceable, or to make the requisite showing that an award of summary judgment was premature (see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328; Meehan v Just Frank Realty, LLC, 108 AD3d at 658).
The defendants' remaining contentions either are without merit or not properly before this Court.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court