Goetz v Trinidad (2019 NY Slip Op 00099)





Goetz v Trinidad


2019 NY Slip Op 00099


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09577
 (Index No. 6157/16)

[*1]Adele Goetz, et al., appellants, 
v
Carlos Trinidad, respondent.


Bernard A. Nathan, West Islip, NY, for appellants.
Andrew Seewald, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to retain a down payment made upon a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated July 13, 2017. The order denied the plaintiffs' motion for summary judgment on the complaint and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint and directing the return of the down payment to the defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, awarded summary judgment to the defendant dismissing the complaint and directing the return of the down payment to the defendant; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs, as sellers, and the defendant, as purchaser, entered into a contract for the sale of real property. Under the contract, the defendant tendered a down payment of $37,000, which was less than 10% of the purchase price. The contract, which was fully executed as of August 21, 2015, provided that the closing would be held on or about 30 days after a fully executed contract was received by the defendant's real estate attorney. The closing never occurred.
The plaintiffs thereafter commenced this action to retain the defendant's down payment. The plaintiffs moved for summary judgment on the complaint. The defendant opposed the plaintiffs' motion and requested that the Supreme Court search the record pursuant to CPLR 3212(b) and award him summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint and directing the return of the down payment to the defendant. The plaintiffs appeal.
A seller of real property seeking a determination that the buyer is in default under the contract of sale and that the seller is entitled to retain the down payment as liquidated damages must make a prima facie showing that the seller was ready, willing, and able to perform on the law day (see Jian Yun Guo v Azzab, 162 AD3d 754, 754; Nehmadi v Davis, 121 AD3d 871, 872; Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868, 870). "In this regard, a seller may demonstrate prima facie entitlement to judgment as a matter of law by presenting evidence that a buyer failed to appear at a time-of-the-essence closing" (Jian Yun Guo v Azzab, 162 AD3d at 755; see Martin v [*2]Burns, 77 AD3d 633, 634).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law. In support of their motion, the plaintiffs submitted a copy of a letter dated January 13, 2016, from their real estate attorney to the defendant's real estate attorney, scheduling the closing for February 12, 2016, at 10:30 a.m. at the office of the plaintiffs' real estate attorney, with time being of the essence. The plaintiffs also submitted an affidavit of the plaintiff Adele Goetz in which she attested that the defendant failed to appear at the closing on February 12, 2016, and that the plaintiffs were prepared to tender the deed for the property on that date. In addition, the plaintiffs' real estate attorney submitted an affirmation in support of the plaintiffs' motion, confirming these facts. This evidence established, prima facie, that the defendant did not appear at the law day closing, and that the plaintiffs were ready, willing, and able to transfer title.
In opposition to the plaintiffs' motion, the defendant raised a triable issue of fact as to whether he willfully defaulted under the subject contract. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569). The best evidence of the parties' intent is their own writing (see id. at 569; Slamwow v Del Col, 79 NY2d 1016, 1018). A written agreement that is complete, clear, and unambiguous on its face is to be enforced according to the plain meaning of its terms (see Greenfield v Philles Records, 98 NY2d at 569). Here, the contract provided that a party would be considered in breach if a default was willful, and that the plaintiffs could retain the down payment as liquidated damages only if the defendant "willfully" defaulted under the contract. The defendant submitted a copy of a "Statement of Credit Denial" from his lender which indicated that his application for an extension or renewal of credit with respect to a mortgage on the property had been declined. Consequently, a triable issue of fact existed as to whether the defendant had a lawful excuse for defaulting given the denial of his application to extend or renew his mortgage commitment, or whether he willfully defaulted.
Accordingly, we agree with the Supreme Court's determination denying the plaintiffs' motion for summary judgment on the complaint.
However, the Supreme Court should not have, upon searching the record, awarded summary judgment to the defendant dismissing the complaint and directing the return of the down payment to the defendant. A buyer who defaults on a real estate contract without " lawful excuse'" cannot recover the down payment amount, "at least where . . . that down payment represents 10% or less of the contract price" (Pizzurro v Guarino, 147 AD3d 879, 880, quoting Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378; see Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 62-63; Lawrence v Miller, 86 NY 131). Since a triable issue of fact existed as to whether the defendant's failure to close was willful, the Supreme Court should not have determined, at this juncture, that he was entitled to the return of his down payment.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court