76 Port Richmond Ave. Corp. v Port Richmond Realty Assoc. (2019 NY Slip Op 01548)





76 Port Richmond Ave. Corp. v Port Richmond Realty Assoc.


2019 NY Slip Op 01548


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-04232
 (Index No. 151252/16)

[*1]76 Port Richmond Avenue Corp., appellant, 
v
Port Richmond Realty Associates, respondent.


Edward Delli Paoli, Staten Island, NY (Richard A. Rosenzweig, P.C., of counsel), for appellant.
Angiuli & Gentile, LLP, Staten Island, NY (Alan Karmazin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a real estate contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 29, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and to cancel a notice of pendency.
ORDERED that the order is affirmed, with costs.
On July 31, 2015, the plaintiff and the defendant entered into a contract whereby the plaintiff agreed to purchase certain real property from the defendant for the sum of $2,500,000. The contract provided that the closing was to take place on or about 365 days from the date of the contract, that is, on or about July 31, 2016. The contract also provided for a 90-day due diligence period and further provided that the property was sold subject to the "state of facts shown on the survey, dated May 7, 1997, by Rogers Surveying" and that none of the facts shown on the survey would be "deemed to render title unmarketable and Purchaser shall accept title subject thereto." The plaintiff agreed to pay the down payment deposit under the contract in two installments, the first upon the signing of the contract, and the second at the conclusion of the due diligence period. After the contract was executed and the down payment deposit was paid, the plaintiff ordered a new survey from the same surveying company that was identified in the contract. It is uncontested that the plaintiff made the final installment of the down payment deposit without complaint. Nonetheless, after the due diligence period had ended, the plaintiff advised the defendant that the new survey it had received demonstrated that part of one of the tax lots it anticipated it was purchasing, tax lot 31, was not owned by the defendant and demanded that the defendant "clear title." The defendant refused, noting that the facts leading to the plaintiff's objection were depicted on the identified May 7, 1997, survey. In a letter dated September 8, 2016, the defendant's counsel advised that it was setting a closing date of September 26, 2016, that time was of the essence, and that the plaintiff's failure to comply would be considered a default. By letter dated September 13, 2016, the plaintiff's attorney rejected the defendant's "time is of the essence" letter. On September 27, 2016, the plaintiff commenced this action, inter alia, for specific performance of the contract. After issue was joined, but prior to discovery being conducted, the defendant moved for summary judgment dismissing the complaint and to cancel the notice of pendency. The Supreme Court granted the motion. The plaintiff appeals.
"A party contending that a motion for summary judgment is premature is required to [*2]demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant[s]" (Burlington Ins. Co. v Casur Corp., 123 AD3d 965, 965-966; see CPLR 3212[f]; Jannetti v Whelan, 131 AD3d 1209, 1210). The mere hope or speculation that discovery will reveal the existence of a triable issue of fact is insufficient to delay determination of the motion (see Chester v Alsol Enters., Ltd., 95 AD3d 922, 923; Lopez v WS Distrib., Inc., 34 AD3d 759, 760). Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiff was not ready, willing, and able to close on September 26, 2016 (see Chemtob v IL Padrone Const. II, LLC, 149 AD3d 900, 902; Jannetti v Whelan, 131 AD3d at 1210; Sutphin Mgt. Corp. v REP 755 Real Estate, LLC, 73 AD3d 738, 741-742). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to indicate what evidence might be uncovered through discovery. In addition, contrary to the plaintiff's contentions, its claims as to the propriety of the "time is of the essence" letter and the validity of the rejection of the letter failed to raise a triable issue of fact. The plaintiff also failed to raise a triable issue of fact regarding the "state of title" to tax lot 31, as the contract was clear and unambiguous, and the plaintiff agreed to accept title to the real property subject to the "state of title" to tax lot 31.
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint and to cancel the notice of pendency.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court